# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME IRELAND, JR., | Case No. 1:20-cv-00903-NONE-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM |
| v. | |
| DISCOVER EMPLOYEES, | |
| Defendant. | (ECF No. 1) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

Jerome Ireland, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action alleging fraud against Discover Employees ("Defendant"). Currently before the Court is Plaintiff's complaint, filed June 29, 2020.

**I.**

**SCREENING STANDARD**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

The court may also dismiss a claim as factually frivolous when the facts alleged lack an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

///

///

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action alleging the basis of federal jurisdiction is fraud. (Compl. 4, ECF No. 1.) Plaintiff is a citizen of California and Discover Bank Employees are a corporation incorporated in Delaware and with its principal place of business in Delaware. (Id. at 4-5.) In addressing the amount in controversy, Plaintiff states that he was approved for a credit line of eleven trillion dollars. (Id. at 5.)

Plaintiff stated that while working with the Discover Global Network they provided Plaintiff with an approval email so that he could write to them for approval. (Id.) Plaintiff wrote to typeapproval@discover.com and when he asked for a credit increase according to what he was approved, the employee stated that his approval was fishy and that she was not going to approve the increase. (Id.) Plaintiff states that the employees do not understand that he has been approved for a one hundred billion dollar credit line increase on his Discover card. (Id. at 6.) Plaintiff states that he has been working with these people for nine years. (Id.)

Plaintiff has had a Discover card for nine years and he finally got approved for the card while doing some marketing with CNBC. (Id. at 7.) Plaintiff made one hundred trillion dollars on the market and they asked him what he wanted to do with the money. (Id.) Plaintiff said he would like to put the money onto a Discover card. (Id.) When Plaintiff was approved for the card he only received $500.00 and was told that he could ask for a credit increase after three months. (Id.) Plaintiff asked for a credit increase but nothing happened. (Id.) Plaintiff was sent a letter telling him to submit another request. (Id.) Time went by and Plaintiff was not being lazy but was trying to find a way to get the money onto the card. (Id.) He tried a money market account and balance transfers but nothing worked. (Id.)

One day Plaintiff was on the Discover Global Network and was sent an email to write to typeapproval@discover.com where he could explain the situation about his one hundred trillion dollars and that the email meant he had been approved due to all the work he had put in. (Id. at 8.) When Plaintiff talked to the lady she told him that the emails were fishy. (Id.) Plaintiff said he knew that he was approved and asked why she could not just do the credit increase. (Id.) The

lady said that she was not going to increase his credit line and that Plaintiff could take them to court. (Id.) Plaintiff was provided with a phone number to contact and the phone number for the Discover Credit Operations Team. (Id.)

Plaintiff seeks for the Court to contact Discover and tell them that there is nothing else they can do but give him a credit increase. (Id. at 8.) Plaintiff also seeks for the Court to enter judgment in case no. 15-v-01230-DAD-MJS. (Id.) Plaintiff states that he won the case because Judge Seng's verdict was the death penalty for the fraudster employees at Wells Fargo Bank and at Bank of America making him the winner. (Id.) Instead of opening the case back up, he and the clerk decided it would be best for him to file a new case. (Id.) Plaintiff has been working on getting his money every day. (Id.) He did the application for his Wells Fargo Propel American Express Card three years ago and now he is finally on the issuing phase. (Id. at 9.) He has been calling the instant issuing line everyday about his card and nothing has happened. (Id.) Plaintiff states that the balance on his card is 21 quintillion dollars. (Id.)

The next card Plaintiff is working on is a business card, either the Business Advantage Cash Reward Card Platinum Plus Mastercard or a Business BankAmericard. (Id.) They act like they are going to surprise him with a card, but they send him to the Bank of America business line or the Bank of America West Fresno Center where Plaintiff did his Merrill investing. (Id.) Judge Seng told Plaintiff that he had this amount of money and if he did not come up with the money Plaintiff would be in a lot of trouble. (Id.) Plaintiff came up with the money. (Id.) The balance on his surprise business card is 6,010 trestrigintillion dollars.[1] (Id.) Plaintiff has been banking at Chase Bank due to an ink business card with 2,007,350 quintillion dollars. (Id.) Plaintiff states that he just needs to get a little push from the courts because these people gave him the opportunity of a lifetime and it is like he is the only one seizing the opportunity. (Id. at 9-10.)

///
///
///

---

[1] Number is according to Wikipedia.com.

**III.**

**DISCUSSION**

**A.    Jurisdiction**

Plaintiff alleges that federal jurisdiction exists on the basis of fraud. Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). The Court considers the possible causes of action that might be alleged based on the allegations in the complaint.

1.    The Claims in the Complaint do not Arise Under Federal Law

Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

Fraud of the type that Plaintiff has alleged in his complaint is "a creature of state law." Miller v. Walt Disney Co. Channel 7 KABC, No. 2:13-CV-06144 ODW SHX, 2013 WL 12122678, at *1 (C.D. Cal. Oct. 10, 2013) (citing Lacher v. Super. Ct., 230 Cal.App.3d 1038, 1043 n.1 (1991)). Plaintiff's allegations of fraud in this action arise under state, not federal, law. Plaintiff has failed to plead a federal question on the face of his complaint.

As Plaintiff is proceeding *pro se* in this action, the Court considers whether he would be able to state a claim under section 1983. Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

2002). An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). This does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

Plaintiff has not alleged conduct by a state actor. Rather, Plaintiff contends that a bank has refused to increase the credit limit on his credit card. These allegations cannot be construed to imply state action and Plaintiff cannot state a claim under section 1983.

Further, the court does not find any federal law which would require a creditor to increase the credit limit on a credit card at the card holder's request.

2.  Diversity Jurisdiction Does Not Exist in this Action

District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

Here, Plaintiff alleges that he is a citizen of California and that the corporation is a citizen of Delaware. However, Plaintiff has not brought suit against the corporation, but against an employee of the corporation and there is no allegation as to the citizenship of the employee. However, even if Plaintiff has properly plead that diversity of citizenship exists, his allegations of the amount in controversy do not credibly allege that the jurisdictional amount has been met.

Where a plaintiff invokes federal court jurisdiction, an amount-in-controversy allegation is accepted as true where it appears to have been made in good faith. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014). In the Ninth Circuit, where it would

1  appear that the sum claim is made in good faith, it must appear to a legal certainty that the claim
2  is really for less than the jurisdictional amount to justify dismissal. Naffe v. Frey, 789 F.3d
3  1030, 1040 (9th Cir. 2015); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

4  The basis of Plaintiff's claim in this action is that he is being denied an increase in his
5  credit limit although he was approved for a one hundred billion dollar credit line on his Discover
6  card. Even assuming that Plaintiff could allege a cause of action for fraud based on the bank's
7  refusal to increase his credit limit, the Court finds with a reasonable certainty that the amount in
8  controversy here would not meet the jurisdictional amount of $75,000.00.[2]  In this action,
9  Plaintiff was issued a credit card with a limit of $500.00. (Compl. at 7.) Plaintiff seeks an order
10 requiring Defendant to offer him a credit limit of eleven trillion dollars. While Plaintiff seeks an
11 increase in his credit limit to eleven trillion dollars, it appears to a legal certainty that this is not
12 the actual amount in controversy in this action. See Denton v. Hernandez, 504 U.S. 25, 33
13 (1992) ("finding of factual frivolousness is appropriate when the facts alleged rise to the level of
14 the irrational or the wholly incredible, whether or not there are judicially noticeable facts
15 available to contradict them").

16 Plaintiff's credit limit was $500.00 and he has alleged no facts that he suffered any harm
17 from the failure to raise his credit limit. Further, even if Plaintiff was to allege facts to
18 demonstrate that he suffered harm from the failure to increase his credit limit, given the
19 allegations in the complaint, any damages for this pro se plaintiff would not exceed $75,000.00.
20 Accordingly, the Court finds that the jurisdictional amount in this action is not met and the court
21 does not have jurisdiction over this controversy.

22  **B.   Failure to State a Claim**

23 Finally, the Court finds that Plaintiff has not stated a claim for fraud based on the
24 allegations in the complaint. Allegations of fraud of subject to the pleading requirement of Rule
25 9 of the Federal Rules of Civil Procedure. Rule 9 provides that "[i]n alleging fraud or mistake, a

---

[2] While Plaintiff claims that the bank offered him a credit limit of eleven trillion dollars, it appears from the statements in the complaint that Plaintiff believes that the bank has offered him eleven trillion dollars. Based on the motion to proceed *in forma pauperis* that Plaintiff filed in this action, his monthly income is $745.00 per month. (ECF No. 2.)

party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted). Initially, Plaintiff's allegations are insufficient to plead fraud with particularity as required under Rule 9.

> To allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. A plaintiff might do less and still identify the statement complained of; indeed, the plaintiff might do less and still set forth some of the circumstances of the fraud. But the plaintiff cannot do anything less and still comply with Rule 9(b)'s mandate to set forth with particularity those circumstances which constitute the fraud.

In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

The elements of a fraud claim under California law are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009); Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).

Plaintiff makes conclusory allegations of fraud, but there are no facts alleged to demonstrate that any statement was fraudulent or that there was an intent to defraud by the defendant. Here, Plaintiff alleges that he received an email stating that he had been approved for a credit card when he indicated that he had made one hundred trillion dollars on the market. (Compl. at 7.) When the credit card was issued his credit limit was for $500.00. (Id.) When Plaintiff asked the agent to increase the credit limit based on the initial approval of one hundred billion dollars as the limit on his credit card, the agent told him that the emails were fishy. Id. The fact that an allegedly fraudulent statement and a later statement are different does not necessarily amount to an explanation as to why the earlier statement was false. In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1549. Here, Plaintiff has not alleged any facts by which the Court could reasonably infer that any employee of Discover made a false representation to Plaintiff

with intent to defraud.  Iqbal, 556 U.S. at 678.

### C.     Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); accord Madeja v. Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002).  The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend.  Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). A pro se litigant's complaint should not be dismissed "without leave to amend 'unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.' "  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

In this instance, the Court finds that Plaintiff can allege no facts which establish federal jurisdiction over the claims in this action.  Additionally, Plaintiff' application to proceed without prepayment of fees in this action demonstrates that Plaintiff receives $745.00 per month in Social Security and has no other income investments or property.  The Court finds that Plaintiff's factual allegations regarding his earnings and the credit cards that have been offered to him are not based in reality.  Accordingly, the Court finds that granting Plaintiff leave to file an amended complaint would be futile.

## IV.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed without leave to amend for lack of jurisdiction and failure to state a claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and

recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 1, 2020**

UNITED STATES MAGISTRATE JUDGE